1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA BERDECHOWSKI,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE REACH GROUP, LLC; THE REACH<br>GROUP AMERICAS LLC,<br><br>                    Defendants. | CASE NO. 1:16-CV-00177-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER<br>GRANTING IN PART AND DENYING IN<br>PART DEFENDANTS' MOTION TO<br>DISMISS OR TRANSFER FOR IMPROPER<br>VENUE, OR IN THE ALTERNATIVE, TO<br>COMPEL ARBITRATION<br><br><br>(ECF NO. 7) |

Pending before the Court is Defendants The Reach Group, LLC and The Reach Group Americas, LLC's (together, "TRG" or "Defendants") Motion to Change Venue or Transfer or Dismiss for Improper Venue, or, in the Alternative, to Compel Arbitration, filed April 1, 2016 (ECF No. 7). Plaintiff Brenda Berdechowski ("Plaintiff" or "Berdechowski") timely filed her Opposition on April 15, 2016 (ECF No. 9), and TRG filed its Reply on April 25, 2016 (ECF No. 10). The Court deems the matter appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). Having considered the record in this case, the parties' briefing, and the relevant law, the Court will grant in part and deny in part Defendants' motion for the following reasons.

## I.      BACKGROUND[1]

This employment discrimination action arises out of Plaintiff Berdechowski's employment by Defendants TRG. *See, generally,* Complaint ("Compl."), ECF No. 1. Plaintiff's Complaint includes allegations of retaliation by Defendants in violation of Title VII, 42 U.S.C. § 2000e-5 ("Title VII" or "§ 2000e-5") and corresponding California state laws. The alleged violations took place while Plaintiff worked as a Team Lead or Coach for TRG. *See* Compl., ECF No. 1, ¶¶ 4-10. Following the alleged retaliation, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("CDFEH"). *See id.* at ¶ 11. The EEOC and CDFEH granted right to sue notices, and Plaintiff subsequently filed this action on February 8, 2016. *See, generally, id.*

TRG is an international oil and gas performance management consulting firm with its primary place of business in Houston, Texas. *See* Declaration of David L. Massey ("Massey Decl.") ¶ 3. TRG maintains no presence in California. *Id.* at ¶ 6. TRG conducts its operations out of its Houston, Texas offices, and all records and documents maintained for its employees are kept there. *Id.* at ¶ 4; Declaration of Kayla Martin ("Martin Decl.") ¶¶ 14, 18.

In 2005, TRG hired Berdechowski, a California resident, as a Performance Coach. Compl. at ¶ 6; Massey Decl. ¶ 9. Berdechowski worked as a project manager at TRG starting in March 2005 through June 3, 2014. Compl. at ¶ 6. Berdechowski commenced work on an assigned project for TRG on April 7, 2005. Martin Decl. ¶¶ 7-8.

As a condition of her employment at TRG, Plaintiff signed an employment agreement executed on March 21, 2005. *See* Berdechowski Decl., ECF No. 9-1 at ¶ 17; Massey Decl., ECF No. 7-1 at 9, Ex. A, ¶ 13 ("the Employment Agreement"). The Employment Agreement is a 6-page document which the parties agreed were the "terms and conditions to govern [the] employment relationship." Massey Decl., ECF No. 7-1 at 9, Ex. A, ¶ 13. The Employment Agreement includes the following statement:

> Resolution of Disputes: The laws of Oklahoma shall govern the validity, construction, interpretation and effect of this Agreement, excluding any choice of the law rules which

---

[1] The following facts are derived from Plaintiff's Complaint and the parties' relevant declarations. Unless otherwise indicated, these facts are undisputed.

would otherwise require the application of laws of any other jurisdiction. Any dispute arising in connection with the Agreement shall be finally settled by arbitration. The rules of arbitration to be employed and the place of arbitration are, respectively, American Arbitration Association, Oklahoma City, Oklahoma. The expense of such arbitration shall be born equally by the parties. Provided, nothing stated herein shall preclude REACH GROUP from seeking and obtaining in any Court of competent jurisdiction, injunctive relief (whether interlocutory or permanent) to prevent or restrain a breach by EMPLOYEE of this Agreement, the including its provisions as to competition and confidentiality.

*Id.*

In May 2007, TRG promoted Plaintiff to Team Lead. Compl. ¶ 6; Massey Decl. ¶ 9. She held this position for several years during which she worked on numerous projects in various domestic and international locations. Massey Decl. ¶ 9. Plaintiff lived in California while working for TRG, which treated Plaintiff as a California employee for payroll purposes.[2] Berdechowski Decl., ¶ 10. Plaintiff performed some work for TRG in California (Compl. ¶ 6; Massey Decl. ¶ 10), including on a Chevron project in 2009, and working from home on producing an oilfield handbook in approximately 2010, Berdechowski Decl. ¶ 9.[3]

Since 2009, Plaintiff has worked for TRG in Texas, Brazil, Angola, and North Dakota. Massey Decl. ¶ 10. Periodically, Plaintiff reported to TRG's offices in Houston, Texas, for meetings, trainings, assessments, and assignments. *Id.* at ¶ 11. In 2010, Plaintiff worked on a human resources recruiting project for Defendants in California. *Id.* at ¶ 9; Massey Decl. ¶ 10. From September 6, 2010 until shortly prior to Plaintiff's termination, her employment with TRG was administered through Administaff Companies II, L.P. ("Administaff"), a professional employment organization engaged by TRG to handle its employment matters.  Martin Decl. ¶ 4. Administaff is located near Houston, Texas. *Id.*

In March 2012, while Plaintiff was working on a project in Houston, TRG demoted Plaintiff from Team Lead to Coach. Martin Decl. ¶ 6; Innes Decl. ¶ 2. Subsequent to a Performance Feedback meeting held in Houston in November 2012, TRG placed Plaintiff on a 60-day paid leave. Martin Decl. ¶¶ 8-10; Innes Decl. ¶¶ 3-4.

---

[2] The Court need not address TRG's objection to Plaintiff's asserted fact because in ruling on the instant motions it does not consider the material to which they object. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).
[3] TRG offers no contrary evidence, but objects that Plaintiff's statements in her declaration about these California assignments are irrelevant to the issue of venue, lack foundation, and are vague as to time. The Court need not address Defendants' objections, however, because in ruling on the instant motions it does not consider the materials to which they object. *See Norse*, 629 F.3d at 973.

Approximately two years later, in April 2014, based on Plaintiff's experience in TRG's corporate housing, she made a formal complaint, including alleging gender discrimination against her Senior Manager, to TRG's Human Resources manager in Houston, Texas. Compl. ¶ 8; Martin Decl. ¶ 12-13; Dyess Decl. ¶ 4. Plaintiff concedes that her alleged protected conduct, the complaint to human resources, occurred in Houston, Texas. *See* Pl. Opposition, ECF No. 9 at 3:21-23.

The following month, in May 2014, TRG gave Plaintiff a notice which included a 30-day improvement plan. Compl. ¶ 9; Martin Decl. ¶ 15; Innes Decl. ¶ 6. During the 30-day improvement period, Plaintiff returned to California where, either online or over the phone, she would participate in Defendants' planned training. *See* Compl. ¶ 9; Berdechowski Decl. ¶ 11.

On May 31, 2014, following discussions between TRG's senior management and Human Resource department (Massey Decl. ¶ 13; Martin Decl. ¶ 17; Dyess Decl. ¶ 6; Innes Decl. ¶ 7), TRG terminated Plaintiff's employment. Compl. ¶ 10. Plaintiff's termination of employment took place in or around Houston, Texas. *Id.* at ¶¶ 12-13; Martin Decl. ¶¶ 6-7, 9, 11-13, 15; Dyess Decl. ¶¶ 3-6; Declaration of William Campbell Innes ("Innes Decl.") ¶¶ 2-7. Defendant sent a termination letter to Plaintiff at her address in Bakersfield, California, and Plaintiff felt the effects of the adverse employment decision in California. *See* Pl. Ex. 1 (ECF No. 9-2).

Berdechowski alleges she was unlawfully terminated by TRG in retaliation for her April 2014 gender discrimination complaints which constitute protected conduct. *See* Compl. at ¶ 7-10.

## II.   DISCUSSION

Defendants move to transfer venue or, alternatively, to compel arbitration of Plaintiff's action, including her Title VII, Fair Employment and Housing Act ("FEHA"), and California Private Attorney General Act ("PAGA") claims. Plaintiff argues that the arbitration agreement is unconscionable and that the appropriate venue is the Eastern District of California.

### A.  Motion to Compel Arbitration

For judicial efficiency, the Court first addresses the motion to compel arbitration as it may be dispositive. *See, e.g., Langston v. 20/20 Companies, Inc.*, No. 14-CV-1360-JGB-SPX, 2014 WL 5335734, at *3 (C.D. Cal. Oct. 17, 2014) (deciding motion to compel arbitration before turning to the motion to transfer venue).

"Congress intended there to be at least a knowing agreement to arbitrate employment disputes before an employee may be deemed to have waived the comprehensive statutory rights, remedies and procedural protections prescribed in Title VII and related state statutes." *Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299, 1304 (9th Cir. 1994). Thus, "[a]ny bargain to waive the right to a judicial forum for civil rights claims … in exchange for employment or continued employment must at the least be express: the choice must be explicitly presented to the employee and the employee must explicitly agree to waive the specific right in question." *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 762 (9th Cir. 1997). In *Nelson*, the Ninth Circuit held that a plaintiff does not waive his or her rights to bring civil rights claims where "nothing [in the parties' agreement] put [plaintiff] on notice" that he had "somehow waive[d] a specific statutory remedy afforded him by a civil rights statute." *Id.*; *see also Lai*, 42 F.3d at 1305 ("[W]e conclude that a Title VII plaintiff may only be forced to forego her statutory remedies and arbitrate her claims if she has knowingly agreed to submit such disputes to arbitration.").

Similar to the too-general waiver in *Nelson*, here, the Employment Agreement and arbitration clause do not address waiver of Plaintiff's civil rights or at all mention Title VII or FEHA. Where nothing in the Employment Agreement put Berdechowski on notice that she had waived rights to bring civil rights claims, the Court finds that she did not knowingly waive those rights. Under these circumstances, the Court concludes that compelling arbitration is inappropriate. *See, e.g., Fallbrook Hosp. Corp. v. California Nurses Ass'n/Nat'l Nurses Org. Comm. (CNA/NNOC), AFL-CIO*, No. 1:13-CV-1233-GPC-WVG, 2014 WL 654607, at *3 (S.D. Cal. Feb. 19, 2014) (Curiel, J.) ("a knowing waiver does not occur where neither the arbitration clause nor any other written employment agreement expressly put the plaintiffs on notice that they were bound to arbitrate [employment discrimination] claims.") (*quoting Renteria v. Prudential Ins. Co. of Am.*, 113 F.3d 1104, 1108 (9th Cir. 1997) (internal quotations omitted).

**B. Motion to Transfer Venue**

Defendants also request that the Court order a transfer of venue. Defendants argue that the alleged events took place in Texas, Plaintiff's only consistent place of work for Defendants was in Texas, the relevant TRG records are in Texas, and, other than Plaintiff, the relevant witnesses are in

Texas. Plaintiff counters that TRG treated her as a California employee, she performed at least some work for TRG in California, and she resides in California.

Title VII includes a venue provision that authorizes suit in any district (1) where the unlawful employment practice was committed; (2) where the employment records are kept; and (3) where the plaintiff would have worked but-for the alleged discrimination. 42 U.S.C. § 2000e-5(f)(3); *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000). The statute goes on to state that, "if the [defendant] is not found within any such district, such an action may be brought [where] the [defendant] has his principle office." 42 U.S.C. § 2000e-5(f)(3).

Berdechowski specifically notes in her complaint that the alleged gender discrimination complaint she made against TRG was about conduct which occurred in Houston, Texas, while she was in Houston, Texas working for TRG, which is a company with its primary place of business in Houston, Texas. Notwithstanding that Plaintiff was at all relevant times a California resident, there is no dispute that TRG keeps its employment records, including those regarding Plaintiff, in or around Houston, Texas. Moreover, there is no dispute that the various witnesses, including the TRG management involved in Plaintiff's termination, are located in Texas. Plaintiff argues that she felt the results of the adverse action in California, but concedes that the alleged violations took place in or near Houston, Texas. The Court concludes that the Southern District of Texas, in Houston, Texas, is the proper venue for this Title VII case.

When a plaintiff files a case "laying venue in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." 28 U.S.C. § 1406(a). In this case, the Court finds it is in the interest of justice to transfer the instant action to the Southern District of Texas.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motions (ECF No. 7) are **GRANTED IN PART** and **DENIED IN PART**, as follows:

(1) the motion to compel arbitration is **DENIED**;

(2) the motion to transfer venue is **GRANTED**; and,

1           (3) any pending motions remaining are **DISMISSED AS MOOT**.

2    Finally, the Clerk of Court is **DIRECTED** to **TRANSFER** the above-styled captioned case to the

3    United States District Court for the Southern District of Texas.

     IT IS SO ORDERED.

5    Dated:   __**June 7, 2016**__                    _____**/s/ Lawrence J. O'Neill**_____
                                                       UNITED STATES CHIEF DISTRICT JUDGE