United States District Court
Southern District of Texas
**ENTERED**
December 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRENDA BERDECHOWSKI, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-01630 |
| § | |
| THE REACH GROUP, LLC; THE § | |
| REACH GROUP AMERICAS LLC; § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' motion to compel arbitration and stay case pending arbitration. Dkt. 33. The parties have consented to magistrate judge jurisdiction. Dkt. 29. After considering the parties' submissions and the law, the motion is denied.

## Background

This is an employment discrimination case in which Plaintiff Brenda Berdechowski alleges that she was impermissibly terminated because of her sex in violation of Title VII. Dkt. 1-2. On March 21, 2005, Berdechowski began working with The REACH Group, LLC (REACH) and signed an employment agreement stating, in relevant part, that "any dispute arising in connection with this Agreement shall be finally settled by arbitration." Dkt. 33 at 9.

Berdechowski initially brought suit in the Eastern District of California. Dkt. 1. Defendants moved for the court to dismiss the case, compel arbitration, or transfer the action to the Southern District of Texas pursuant to 28 U.S.C. § 1406(a). Dkt. 15. Chief

District Judge Lawrence O'Neill ordered that the motion to compel arbitration be denied and the case be transferred to the Southern District of Texas.

Upon transfer, Defendants filed a second motion to compel arbitration (Dkt. 33), arguing that the employment agreement between the parties is valid and the arbitration provision should be enforced accordingly. Berdechowski objected, arguing that the defendants waived their right to bring the motion again, or in the alternative, that they were judicially estopped from doing so.

## Analysis

Judge O'Neill's order denying the motion to compel arbitration is an interlocutory order subject to reconsideration at any time before final judgment. FED. R. CIV. P. 54(b). However, the discretion to reconsider an earlier ruling by a coordinate court in the same case is generally framed by the law of the case doctrine. 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.4 (2d ed. 2002).

The law of the case doctrine was developed to "maintain consistency and avoid needless reconsideration of matters once decided during the course of a single continuing lawsuit." *Id*. at § 4478. Law of the case "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912) ; *see also Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983). Reconsideration is within a judge's direction when it is made in light of new evidence, an intervening change in law, or to correct clear error that would cause manifest injustice. *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). Courts are

likely to depart from general law of the case principles, for example, if there has been a contradictory holding in a substantially related case,[1] new relevant events occurred after the order was entered but before final judgment,[2] or if a successor judge disagrees with the legal significant the preceding judge attributed to factual determinations.[3]

Here, none of the considerations stated in *White* are present. There was no new evidence, no intervening change in law, and no clear error made. Moreover, REACH has cited no contrary case in the Fifth Circuit or Oklahoma involving the arbitrability of statutory claims under an arbitration clause with this exact wording, i.e. "any disputes arising in connection with this Agreement." Certainly, the arbitration clauses at issue in *Gilmer v. Interstate/ Johnson Lane Corp.* 500 U.S. 20 (1991) or *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992) were much broader in scope.

For these reasons, the motion is denied.

Signed at Houston, Texas, on December 6, 2016.

Stephen Wm Smith
United States Magistrate Judge

---

[1] *See Messinger*, 225 U.S. at 444.
[2] *See Browning v. Navarro*, 887 F.2d 553, 556 (5th Cir. 1989) (where an opinion necessarily implied that a party could not raise any other issues on appeal, the Court has "discretion to ignore a previous decision if substantially different evidence has been presented" and, essentially, presents a new issue).
[3] *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 728 (5th Cir. 2012).